**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JERMAINE GRAY,**

**Plaintiff,**

**v.** **Case Nos. 5:12-cv-179-Oc-27PRL**

**LT. BRADFIELD, et al.,**

**Defendants.**

---

## ORDER DISMISSING CASE

Plaintiff, *in forma pauperis*, initiated this case by filing a *pro se* prisoner Civil Rights Complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[1] Plaintiff is a federal inmate who was previously confined at the United States Penitentiary-I, in Coleman, Florida. Pending before the Court is Defendants' Motion to Dismiss (Doc. 20) to which Plaintiff has filed his response. (Doc. 21). For the following reasons, the Court concludes that the Motion to Dismiss is due to be **GRANTED**.

## Allegations of the Amended Complaint

Plaintiff is proceeding on an Amended Complaint. (Doc. 15). The Amended Complaint names as Defendants two corrections officers at FCC Coleman, where Plaintiff was incarcerated in the Special Housing Unit at the time of the alleged events.

---

[1] 403 U.S. 388 (1971).

Plaintiff alleges that on March 29, 2011 at approximately 7:00 a.m., his left hand was injured when Defendant Thompkins smashed Plaintiff's hand in the "chuck hole" of Plaintiff's cell. Plaintiff claims his milk was spoiled and that inmates were yelling about it. Plaintiff further claims that Defendant Thompkins yelled back to the inmates, "[t]he fucking milk ain't spoiled." Plaintiff alleges that in order to explain to Defendant Thompkins that the milk was spoiled he placed his hand on the "lid slot" -through the chuck hole -- "for balance." Plaintiff claims that Defendant Thompkins "slammed the slot" smashing Plaintiff's hand inside the chuck hole.[2]

Plaintiff alleges that Defendant Thompkins continued to apply pressure and yelled again, "[t]he fuckin' milk ain't spoiled." Plaintiff yelled, "my hand, my hand." Plaintiff claims his hand and wrist started to swell with pain. Plaintiff further claims that he pressed the emergency button to request medical attention. Plaintiff alleges that Defendant Thompkins said, "stop crying like a bitch." See Doc. 15, pg. 9.

Plaintiff claims that Defendant Thompkins used excessive force maliciously inflicting pain which resulted in injury to his hand. Plaintiff further alleges that when he explained to Defendant Bradfield what had taken place, Defendant Bradfield told him "not to put his hand in the slot next time."

Plaintiff next alleges that he told Defendant Bradfield that he was in pain and needed medical attention but that Defendant Bradfield walked away "showing

---

[2]The "chuck hole" is the slot in the cell door used to pass food to inmates.

deliberate indifference." Plaintiff claims that he was provided with medical care five hours later. Plaintiff was medically assessed with a contusion to his left hand. The medical department prescribed pain medication and an x-ray which revealed that Plaintiff did not suffer any fractures to his hand. Before being transferred from Coleman to USP Atwater, Plaintiff was assessed and found to be doing well. See Doc. 15, p.14.

**Standard of Review**

Fed. R. Civ. P. 12(b)(6) states that any Defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. Further, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a demand for the relief sought. Fed .R. Civ. P. 8(a)(2-3). In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Starosta v. MBNA America Bank, N.A., 244 Fed. Appx. 939, 941 (11th Cir. 2007) (*quoting* from Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions..." Bell Atlantic Corp. et al. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959.

Although the Court must afford a pro se litigant wide leeway in pleadings, a

*pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." Excess Risk Underwriters, Inc. v. Lafayette Ins. Co., 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (*citing* Marshall City Bd. Of Educ. v. Marshall City Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)).

**Discussion**

Qualified Immunity

Defendants assert to the extent they are sued in their individual capacities, they are entitled to qualified immunity. The Eleventh Circuit applies a two-part analysis to evaluate a qualified immunity defense: first, the Defendants must prove that they were acting within the scope of their discretionary authority when the allegedly wrongful acts occurred; and second, if the Defendants meet this burden, the Plaintiff must demonstrate that the Defendants violated clearly established law based upon objective standards.[3]

There is no dispute that at time relevant to Plaintiff's claims, Defendants were acting within the scope of their discretionary authority. Consequently, the burden

---

[3]See, e.g., Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983).

now shifts to Plaintiff to demonstrate the qualified immunity is not appropriate. Plaintiff has failed show Defendants violated clearly established law. Plaintiff has not cited any case law showing that Defendants' actions were clearly unlawful. Therefore, Defendants are entitled to qualified immunity.

Eighth Amendment

Under the Eighth Amendment, whether a Correctional Officer's (CO) use of force is actionable depends "whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm."[4] In determining whether the force was applied maliciously and sadistically to cause harm, courts consider a variety of factors, including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."[5] "From consideration of such factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."[6]

---

[4]Bozeman v. Orum, 422 F3rd 1265, 1271 (11th Cir. 2005) (internal quotations and citation omitted).

[5]Skrtich v. Thornton, 280 F.3rd 1295, 1300 (11th Cir. 2002).

[6]Id. at 1300-01.

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."[7] Rather, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."[8]

The allegations of the Amended Complaint support a determination that the Defendant's use of physical force in closing the food slot on Plaintiff's arm was in this case a de minimis use of force that does was not of the sort that is repugnant to the conscience of mankind. Even if the Defendant's actions in closing the food slot were "malevolent" in intent, as described in the Amended Complaint the incident did not involve the type of harm that gives rise to a federal cause of action for use of excessive force.[9]

Deliberate Indifference

"Prison personnel may not subject inmates to acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs . . . . [S]uch deliberate indifference by a correctional system to the serious medical needs of its prisoners constitutes the kind of unnecessary and wanton infliction of pain that is

---

[7]Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

[8]Id. (internal quotations omitted).

[9]See Hudson, 503 U.S. at 9-10.

proscribed by the Eighth Amendment."[10]

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir.2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation " 'denying the minimal civilized measure of life's necessities.' " Id. (*quoting* Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. Id. (citations omitted). To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir.2003)(*citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

In this case, it is clear that medical professionals have examined and treated Plaintiff. Plaintiff suffered a bruise to his hand and medical staff treated Plaintiff with

---

[10]Harris v. Thigpen, 941 F.2d 1495, 1504-1505 (11th Cir. 1991) (citations omitted).

acetaminophen. Plaintiff can not show that Defendants' response to that his medical need was so deficient as to constitute "an unnecessary and wanton infliction of pain."

## Conclusion

Accordingly, the Court concludes the Amended Complaint fails to state a claim upon which relief may be granted. Defendant's Motion to Dismiss (Doc. 20) is **GRANTED** and this case is hereby **DISMISSED**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of January 2014.

JAMES D. WHITTEMORE
United States District Judge

c: Parties of Record